**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Cristian Uriel Chavez Cruz,

     Petitioner,

     v.                              Case No. 2:26-cv-02774-BCL-atc

Christopher Bullock, Field Officer Director of
Enforcement and Removal Operations, New Orleans
Field Office, Immigration and Customs Enforcement;
Markwayne Mullin, Secretary U.S. Department of
Homeland Security; Trinity Minter, Warden of West
Tennessee Detention Facility.

     Respondents.

---

**ORDER DENYING PETITION**

---

On June 30, 2026, Petitioner filed for a writ of habeas corpus claiming that he was unlawfully detained without a bond hearing and seeking immediate release or a bond hearing. Doc. 1 at 13. At the Court's direction, Respondent filed a response which noted, among other things, that Petitioner "has yet to take the simple expedient of filing a bond motion with the immigration court." Doc. 9 at 2–3.

In reply, Petitioner stated that counsel for his immigration case "submitted a pre-NTA motion for a bond hearing on July 3 . . . which was not accepted by the immigration court," and "[i]n an abundance of caution . . . also filed a pre-NTA bond motion in the immigration court in Memphis." Doc. 13 at 7–8. The Court ordered Petitioner to submit proof that (1) he requested a bond redetermination in the immigration court in compliance with the immigration court's rules and (2) the immigration court denied him a bond hearing. Doc. 14.

Petitioner provided his proof on July 20, 2026. Doc. 15. These documents show that Petitioner did not properly request a bond hearing prior to filing the Petition in this case. That is because Petitioner filed his first two bond petitions—the ones that predated this habeas Petition—in Louisiana despite being detained in this District, and did not apply for bond in this District until July 17, 2026, well after the habeas Petition as issue here. *See* 8 C.F.R. § 1003.19(c) ("Applications for the exercise of authority to review bond determinations shall be made to one of the following offices, *in the designated order* . . . [i]f the respondent is detained, to the Immigration Court having jurisdiction over the place of detention." (emphasis added)); Doc. 15-1 at 12 ("The LaSalle Immigration Court does not hear case[s] for the Western Tennessee Detention Center. Please re-file with the appropriate court or file when the respondent is at the LaSalle Detention Center."); Doc. 15-1 at 14 ("Your motion notes the respondent is detained in a facility that is not under the jurisdiction of [the] LaSalle Immigration Court."); Doc. 15-1 at 3; Doc. 15 at 2.[1] That final, seemingly proper bond request was filed a mere eleven days ago and apparently remains pending. Doc. 15 at 2 (Petitioner suggests that another bond request also remains pending, but that request was filed a mere four days before the one just mentioned, so the point remains the same. *Id.*).

By failing to properly apply for bond and then pursue those proceedings to completion *before* filing his petition, Petitioner is asking this Court to step in in the first instance, bypassing the Immigration Court and the Board of Immigration Appeals ("BIA") entirely. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

---

[1] In addition, Petitioner apparently mis-filed at least two of his bond redetermination motions. Doc. 15-1 at 9–10 ("Please file under the Pre-NTA bond request."); Doc. 15-1 at 14 ("Motions for master hearings should not be filed to the bond proceedings.").

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). While exhaustion is prudential in this context, exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026).

Petitioner has not offered persuasive reasons that would justify dispensing with the prudential exhaustion requirement. Petitioner contends that exhaustion should not be required because he is pursuing a constitutional claim, but his only constitutional claim insists that it would be unconstitutional to detain him without a bond hearing—the very opportunity he has not exhausted. Doc. 1 at 11–12. Petitioner cannot bypass the procedure he claimed to want by arguing that the Constitution entitles him to that procedure. Moreover, it would violate elementary principles of constitutional avoidance to allow noncitizens to skip straight to adjudication of constitutional claims in federal court, bypassing entirely proceedings before the immigration court and BIA which might decide the case on other grounds making it unnecessary to reach the constitutional issues. This side of the looking glass, the long-standing doctrine of constitutional avoidance should not be scrapped in service of excusing a class of litigants from the separation-

of-powers-protecting exhaustion doctrine.[2] *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 241 (2009) (extolling "older, wiser judicial counsel not to pass on questions of constitutionality unless such adjudication is unavoidable").

Petitioner having now filed his bond motion with the Immigration Court, must exhaust his remedies there, before seeking judicial relief from this Court.

## **CONCLUSION**

The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. This action is **DISMISSED**. The Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 28th day of July, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner cites *Sterkaj v. Gonzales*, 439 F.3d 273 (6th Cir. 2006), but it is not to the contrary. The noncitizen in *Sterkaj* had obtained an adjudication from an immigration judge. And the Sixth Circuit held that noncitizens must present to the BIA those constitutional errors it can correct—such as, here, requiring a bond hearing. *Id.* at 279. Moreover, the Court did not suggest that a court should proceed straight to constitutional claims when the immigration tribunals might resolve the case on nonconstitutional grounds.